UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BANK OF AMERICA, N.A.,

    Plaintiff,

    v.

JUDITH E. DUMLAO, et al.,

    Defendants.

_____/

No. C 13-4286 PJH

**ORDER REMANDING CASE**

    Defendants Judith E. Dumlao and Tommy U. Dumlao ("defendants") removed this case from the Superior Court of California, County of Alameda, on September 16, 2013. The court has reviewed the notice of removal and the state court complaint, and finds that the case must be remanded for lack of subject matter jurisdiction.

    Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); see also Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

    A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively, however, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty

Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003).

Subject matter jurisdiction is determined from the face of the complaint. Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011).

The complaint at issue was filed in Alameda County Superior Court by plaintiff Bank of America, N.A. for the benefit of U.S. Bank N.A. as trustee for the holders of the GSR Mortgage Loan Trust 2006-7F. The complaint alleges a single cause of action under state law for unlawful detainer. Defendants filed a notice of removal on September 16, 2013, alleging federal question jurisdiction and diversity jurisdiction. See Dkt. 1.

As stated above, the existence of a federal question must be presented on the face of plaintiff's complaint. The complaint in this action raises no federal question, as it asserts only one unlawful detainer cause of action under state law. Defendants assert the existence of a federal question in their notice of removal, arguing that "the case being removed is part of the whole process of Debt Collection and the plaintiff are Debt Collectors identified under" the federal Fair Debt Collection Practices Act. See Dkt. 1. Defendants' notice of removal also makes reference to the Fair Credit Reporting Act and Title VIII of the

2

Civil Rights Act. However, the fact remains that no federal question is raised in the complaint, and thus, there is no federal question jurisdiction.

Nor is there diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy is under $75,000.00. See 28 U.S.C. § 1332(a). The complaint, which states on its face that the amount demanded "does not exceed $10,000," seeks restitution of the premises, and restitution at the rate of $190.80 per day (representing the unpaid fair rental value), from January 2, 2013 until the date of judgment. See Dkt. 2, Ex. 3. Thus, the amount in controversy is not the assessed value of the property, but rather the amount that plaintiff is seeking in restitution. If plaintiff prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00. Diversity jurisdiction is improper for the additional reason that, as California citizens, defendants cannot remove a case based on diversity jurisdiction, if the case was filed against them in a California state court. Lincoln Property Co. v. Roche, 546 U.S. 81, 83-84 (2005) (citing 28 U.S.C. § 1441(b)).

Accordingly, as the court lacks subject matter jurisdiction, the action is hereby REMANDED to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: December 12, 2013

PHYLLIS J. HAMILTON
United States District Judge